## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRACEY VINSON,

                    Plaintiff,

v.

DAYANARA SANCHEZ,

                    Defendant.

Case No. 2:25-cv-14010

Hon. Brandy R. McMillion

---

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* civil rights case filed pursuant to 42 U.S.C. § 1983 by Plaintiff Tracey Vinson ("Vinson" or "Plaintiff") against Defendant Dayanara Sanchez ("Sanchez" or "Defendant"). *See generally* ECF No. 1. Plaintiff has also filed an Application to Proceed in District Court Without the Prepayment of Fees or Costs. ECF No. 2. The Court finds Plaintiff to be indigent and therefore **GRANTS** the request to proceed *in forma pauperis*. However, after reviewing the Complaint, the Court **SUMMARILY DISMISSES** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that Plaintiff has failed to state a claim upon which relief can be granted.

\* \* \*

Plaintiff has filed an Application to Proceed in District Court Without the Prepayment of Fees and Costs (*in forma pauperis*). ECF No. 2. Pursuant to 28

U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July

27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, complaints must contain enough factual matter, taken as true, to suggest that the claim is plausible. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the facts allow a court to reasonably infer that the defendant is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678. To establish a federal civil rights claim, a plaintiff must show that they were deprived of a right, privilege, or immunity guaranteed by the federal Constitution or laws by someone acting under the color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

From best the Court can discern, Plaintiff complains that Defendant has violated her civil rights by committing medical malpractice and fraud. *See generally* ECF No. 1. She seeks damages in the amount of $500,000,000 and revocation of Defendant's medical license. As an initial matter, the Court does not have the ability to revoke Defendant's medical license as that is a power reserved for the Board of Licensing and Regulatory Affairs with the State of Michigan. Nonetheless, as drafted, the Complaint lacks enough factual detail for the Court to discern what, if any, liability Defendant has and if Plaintiff's rights have been violated.

Under Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . *a short and plain statement of the claim* showing that the pleader is entitled to relief[.]")  Fed. R. Civ. P. 8 (emphasis added). Conclusory allegations that one's rights have been violated are not enough to state a claim for relief.  Even construing Vinson's *pro se* Complaint liberally, the Court cannot "conjure up unpleaded facts to support conclusory allegations," nor can the Court create a claim for relief.  *See Williams*, 2022 WL 2966395 at *2.  Nothing contained in the Complaint is sufficient for the Court to find Vinson has alleged any plausible claim of relief.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  The Complaint is lacking "facts" that would support that Sanchez is liable for any violation of law.  Moreover, the Complaint lacks sufficient "facts" for the Court to determine which of Vinson's rights are alleged to have been violated.

Accordingly, although the Court would **GRANT** Plaintiff's request to proceed *in forma pauperis* (ECF No. 2), the Complaint is **SUMMARILY DISMISSED** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: December 17, 2025                         s/Brandy R. McMillion
                                                 HON. BRANDY R. MCMILLION
                                                 U.S. District Judge